**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL AMMANN,** | ) | **CASE NO. 1:25-cv-01315** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | **MAGISTRATE REUBEN J. SHEPERD** |
| **v.** | ) | |
| | ) | |
| **VNTG PLACE LTD.,** | ) | **DEFENDANT VNTG PLACE LTD.'S** |
| | ) | **MOTION FOR JUDGMENT ON THE** |
| **Defendant.** | ) | **AMENDED PLEADINGS** |

Now comes Defendant VNTG Place Ltd. (hereinafter "VNTG"), by and thorough undersigned counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, respectfully requests that this Court grant its Motion for Judgment on the Amended Pleadings. Plaintiff Michael Ammann's (hereinafter "Ammann") Amended Complaint should be dismissed as a matter of law because Ammann lacks standing to pursue his claims against VNTG, including his claim for declaratory judgment, and his claims all fail under the economic loss rule. A memorandum in support is attached to this Motion and incorporated herein.

Respectfully submitted,

/s/Richard C.O. Rezie
**RICHARD C.O. REZIE (0071321)**
**TOREN A. BAKULA (0102504)**
**Gallagher Sharp LLP**
1215 Superior Avenue, 7th Floor
Cleveland, OH 44114
(216) 241-5310 Telephone
(216) 241-1608 Facsimile
E-Mail: rrezie@gallaghersharp.com
      tbakula@gallaghersharp.com
*Counsel for Defendant VNTG Place Ltd.*

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.1(f)

Pursuant to Local Rule 7.1(f) of this Court, undersigned counsel certifies that this case has not been assigned to a track by this Court and that the attached memorandum complies with the 20-page limitation set forth in the local civil rules.

Respectfully submitted,

/s/Richard C.O. Rezie

**RICHARD C.O. REZIE (0071321)**
**TOREN A. BAKULA (0102504)**
**Gallagher Sharp LLP**
1215 Superior Avenue, 7th Floor
Cleveland, OH 44114
(216) 241-5310 Telephone
(216) 241-1608 Facsimile
E-Mail: rrezie@gallaghersharp.com
      tbakula@gallaghersharp.com
***Counsel for Defendant VNTG Place Ltd.***

<u>**MEMORANDUM IN SUPPORT**</u>

## I.     Introduction

Ammann's  Amended Complaint brings claims of  (1) "Declaratory and Injunctive Relief (Invalidity of Mechanic's Lien)"; (2) "Injurious Falsehood/Disparagement"; (3) "Tortious Interference with Prospective Economic Advantage"; and (4) "Reservation of Rights and Clarifications." (ECF No. 9, Amended Complaint)[1]. Although Ammann insists in his Amended Complaint that this lawsuit is unrelated to the case currently pending in common pleas court against VNTG (a case in which Ammann was a third-party defendant and sought to become a counterclaimant, as well) ("State Case"), this case is, in fact, related as his claims arise from the same operative facts as the State Case. (See *Prop4, LLC v. Megan Featherston, et al.,* Cuyahoga County Court of Common Pleas, Case No. CV-24-998043.).

In the State Case, on July 30, 2025, VNTG was granted summary judgment against Prop4 on its breach of contract claims against Prop4, after Prop4's claims for, among other things, breach of contract and negligence, were already dismissed. Presumably, Ammann filed this lawsuit to try to get another bite at the apple. Ammann admits that he is neither a party to any contract with VNTG nor did he act on behalf of the legal entity that contracted with VNTG. (Amended Complaint at ¶ 4). Ammann specifically states that he "is not suing on behalf of any business entity or under any contract with VNTG" and that he "brings this action solely in his individual capacity,

---

[1] Ammann's Amended Complaint is both untimely and procedurally improper under Fed. R. 15. If the complaint was served on 8/15/2025 pursuant to R.C. 1706.09(H)(2) ("Service upon the company is made when the secretary of state gives the notice and forwards the process, notice, or demand as set forth in division (H)(2) of this section."), then 21 days would be 9/8/2025 (9/6/2025 is a Saturday).  (See purported service under R.C. 1706.09(H)(2), attached as Exhibit A.) Ammann's amendment was thus outside the window to amend his Complaint as a matter of course. Fed. R. 15(a)(1)-(2). Furthermore, he did not seek leave from the court nor converse with the undersigned counsel to seek consent for him to file the Amended Complaint. Fed. Civ. R. 15(a)(3).

to redress personal injuries to his own economic interests." (*Id.*)

Just like his Original Complaint filed with the Court on June 25, 2025, (ECF No.1, Complaint), Ammann's Amended Complaint makes broad conclusory statements and fails to put forth evidence or testimony to support such statements. For example, he claims in his Amended Complaint that he has a "profit-sharing interest in the net proceeds from the sale of certain Ohio residential rehabilitation properties" which "entitle[s] him to a percentage of the net economic profits…." (ECF No.9, Amended Complaint ¶ 5). Ammann has not attached any contract or document to either the Original Complaint or his Amended Complaint to support this "profit-sharing beneficiary" claim. He again fails to identify in his Amended Complaint the legal entity through which he has this claimed "profit-share" agreement. He states the legal entity that contracted with VNTG was Prop4, LLC, but maintains that he is "not attempting to assert any rights of Prop4, LLC," and "brings no claim for breach of any contract with VNTG." (Amended Complaint ¶ 6). This alone is dispositive of Plaintiff's Amended Complaint. One cannot assert claims based on a "profit-share" interest in a legal contracting entity without identifying that entity by name. The Amended Complaint thus fails to meet the most basic standards of notice pleading, and the motion for judgment on the pleadings should be granted on this basis alone. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Ferron v. Zoomego, Inc*., 276 Fed. Appx 473 (6th Cir. 2008); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). But there are also additional reasons VNTG is entitled to judgment on the pleadings which follow.

First, based on his admissions and omissions, Ammann cannot bring these claims against VNTG. Specifically, he lacks standing to pursue claims that belong to the entity in which he

purports to have a "profit-sharing" agreement with but which he refuses to identify in his Amended Complaint. Regardless of the identity of the entity through which he claims a profit interest, he is not a party to any contract with VNTG and admittedly not the owner of any of the properties at issue. The Ohio Supreme Court has held that "[o]nly a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio." *Grant Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 160 (1991), citing *Visintine & Co. v. New York, Chicago, & St. Louis RR. Co.*, 169 Ohio St. 505 (1959) ("the plaintiff was merely an incidental beneficiary under the contracts…, obviously [plaintiff] can maintain no action against the defendants.").

Second, Ammann's claim seeking declaratory judgment regarding VNTG's mechanic's liens fails both facially and because mechanic's liens are creatures of contract and Ammann admits that he is not a party to any contract giving rise to the liens, nor is he an owner of the real property at issue. (ECF No.9, Amended Complaint, *passim* and Exhibits thereto.) In fact, Prop4 is also no longer the owner of any of the liened properties Ammann attached as exhibits to his First Amended Complaint.[2]        Cuyahoga        County        Fiscal        Office,        *My        Place*,

---

[2] 2436 TRAYMORE RD., UNIVERSITY HEIGHTS, OH. 44118, 722-18-053, is now owned by THOMPSON, MATTHEW ALEXANDER & HAILEY MORGAN; 2877 GREEN RD, SHAKER HEIGHTS, OH. 44122, 734-36-006, is now owned by PIC REO LLC; 18977 CHAGRIN BLVD., SHAKER HEIGHTS, OH. 44122, 736-07-031, is now owned by JULIUS, HAYDEN & POULTON, MIRANDA; 4073 CONOVER RD., UNIVERSITY HEIGHTS, OH. 44118, 721-04-057, is now owned by SHEPHERD, ROBERT M & SABGA, MARY PATRICIA; 3119 KESWICK RD., SHAKER HEIGHTS, OH. 44120, 731-11-015, is now owned by PIC REO LLC; 17301 LOMOND BLVD., SHAKER HEIGHTS, OH. 44120, 735-30-123, is now owned by BARRETT, RUSSELL WAY; 3278 EAST OVERLOOK RD., CLEVELAND HEIGHTS, OH. 44118, 687-01-075, is now owned by PIC REO LLC; 3543 STOER RD., SHAKER HEIGHTS, OH. 44122, 736-23-089, is now owned by EDWARDS, ALEXANDRIA WARREN & STETSON; and 18977 CHAGRIN BLVD., SHAKER HEIGHTS, OH. 44122, 736-07-031, is now owned by JULIUS, HAYDEN & POULTON, MIRANDA.

https://myplace.cuyahogacounty.gov/MainPage/PropertyData (accessed 10/8/2025).[3]

As such, Ammann has no standing to seek relief as to the liens. *Romito Bros. Elec. Constr. Co. v. Frank A. Flannery, Inc.*, 40 Ohio St.2d 79, (1974) (holding, as to a mechanic's lien under Chapter 1311 of the Ohio Revised Code, that "the lien thereby procured extends only to the right, title, and interest of him with whom the contract, express or implied, was entered into.'"), quoting *Mahoning Park Co. v. Warren Home Dev. Co.*, 109 Ohio St. 358, 365 (1924). Finally, Ammann's claims are admittedly solely for recovery of economic loss yet by their terms sound in tort (negligence). They are therefore barred by Ohio's economic loss rule. VNTG is thus entitled to judgment on the pleadings on Ammann's Complaint, and Ammann's claims against VNTG should be dismissed with prejudice for all the reasons that follow.

## II.      Law and Argument

### a.      <u>Standard for Judgment on the Pleadings.</u>

Fed. R. Civ. P. 12(c) provides for the disposition of litigation when the pleadings are closed, but before discovery commences, when the allegations set forth in the pleadings are legally insufficient to support a claim for relief. The Sixth Circuit Court of Appeals holds that, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the

---

[3] "The court may consider 'documents attached to the pleadings,' documents that are 'referred to in the pleadings and [are] integral to the claims,' and 'matters of public record' without converting a motion for judgment on the pleadings to a motion for summary judgment." *Brown v. Louisville-Jefferson Cnty. Metro Govt.*, 135 F.4th 1022, 1030 (6th Cir. 2025), quoting *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007). These are public records of the Cuyahoga County Fiscal Office available online which specifically state to the water department that: "YOU CAN NOW RELY ON THIS SITE FOR ACCURATE REAL PROPERTY OWNERSHIP."

moving party is nevertheless clearly entitled to judgment." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). The court need not, however, "accept as true conclusions of law or unwarranted inferences in the form of factual allegations… [this] requires more than labels and conclusions – a formulaic recitation of the elements of a cause of action will not suffice." *Michael v. Javitch, Block & Rathbone, LLP*, 825 F. Supp. 2d 913, 918 (N.D. Ohio 2011). To survive such a motion, a plaintiff "must allege enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (citation omitted).

Importantly, "[i]n ruling on a motion under Civ.R. 12(c), the trial court is permitted to consider both the complaint and answer," and "may also consider any material attached to the pleadings or incorporated by reference in the pleadings." *See*, *Horsley v. Feldt*, 304 F.3d 1125, 1133-1135 (11th Cir. 2002); *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (applying rule to motion to dismiss under Fed.R.Civ.P. 12(b)(6)). VNTG is entitled to judgment on the pleadings on the Amended Complaint as Ammann cannot bring these claims against VNTG because he lacks standing to pursue claims that belong to the entity he invested in (presumably Prop4) and he is admittedly not a party to any contract with VNTG, nor does he have any ownership interest in the properties at issue.

**b. <u>Relevant Facts.</u>**

The relevant facts are undisputed:

- Ammann's September 26, 2025 Amended Complaint seeks damages related to: (1) "Declaratory and Injunctive Relief (Invalidity of Mechanic's Lien)"; (2) "Injurious Falsehood/Disparagement"; (3) "Tortious Interference with Prospective Economic Advantage"; and (4) "Reservation of Rights and Clarifications." (ECF No. 9,

Amended Complaint).

- Plaintiff asserts that he was "not a party to any contract" with VNTG nor did he "act on behalf of any contracting entity." (*Id*. at ¶ 4, ECF No. 9, VNTG Answer ¶ 4).

- Plaintiff does not identify the separate legal "contracting entity", nor does he assert how he holds an interest in such an entity.

- Plaintiff is admittedly not an owner of any of the properties at issue as admitted in the liens attached to his Amended Complaint (and indeed, Prop4 has not owned any of the relevant properties since not later than June 20, 2025).

Ammann's Amended Complaint makes bare conclusory statements and fails to identify or put forth evidence to support his argument that he is entitled to damages from a contract to which he is not a party or properties in which he has no ownership interest. As discussed further below, Ammann's Amended Complaint demonstrates he lacks standing to pursue his claims against VNTG. Therefore, VNTG is entitled to judgment on the pleadings with prejudice on the Amended Complaint.

      **c.**   <u>**As a matter of law, Ammann lacks standing to pursue claims against VNTG.**</u>

Though it has not been alleged, Amman apparently suggests that he is an investor in Prop4 LLC, which is identified in the State Case as a Wyoming limited liability company.[4] "Because a

---

[4] Although, for the purposes of this motion, it matters little what separate legal contracting entity Amman claims to have an "individual profit-share interest" in, if it is indeed Prop4 LLC, as VNTG suspects, Ammann's claims are barred by *res judicata*. (Amended Complaint at ¶5; ECF No. 9, 23-26.) Specifically, in the State Case discussed above, judgment has been rendered in favor of VNTG and against Prop4 LLC on the building and renovation contracts between them. (July 30, 2025 Judgment Entry, attached as Exhibit A to VNTG.s Answer to Plaintiff's First Amended Complaint, ECF No. 10.) Thus, any purported claims by Ammann arising out of these same construction/renovation contracts are barred by *res judicata* to the extent Ammann claims to be a privity of Prop4 LLC by virtue of his investment and entitled to seek recovery in Prop4 LLC's stead. *Res judicata* implicates the concepts of "issue preclusion" and "claim preclusion." *Ft. Frye*

limited liability company is distinct from its members, an individual member of a limited liability company lacks standing to assert claims individually where the cause of action belongs to the company." *Blank v. Bluemile, Inc.*, 2021-Ohio-2002, ¶ 19, citing *TD Ltd., LLC v. Dudley*, 2014-Ohio-3996, ¶ 16, fn. 2., quoting *Inland Rivers Serv. Corp. v. Hartford Fire Ins. Co.*, 66 Ohio St.2d 32, 34 (1981).

This is true even when it comes to a sole investor of a company. For example, in *B. & V. Distrib. Co. v. Dottore Companies, LLC*, 278 F. App'x 480 (6th Cir. 2008), a sole shareholder of a corporation brought a breach of contract action against the purported purchaser of the corporation's assets. The Northern District of Ohio dismissed the action with prejudice for failure to state a claim. The shareholder appealed the court's decision. On appeal, the Sixth Circuit Court of Appeals held that the shareholder lacked standing to sue for the breach of the alleged contract for the sale of the corporation's assets under Ohio law. The Sixth Circuit reasoned that individual recovery is permitted only where "the complaining shareholder is injured in a way that is separate and distinct from the injury to the corporation." *Id.* at 485- 86. Further, the Sixth Circuit held that "an action to redress injuries to a corporation cannot be maintained by a shareholder in his own name but must be brought in the name of the corporation" *Id.* quoting *NBD Bank, N.A. v. Fulner*,

---

*Teachers Assn., OEA/NEA v. State Emp. Relations Bd*., 81 Ohio St.3d 392, 395 (1998). Under Ohio law, "'Issue preclusion' forecloses relitigation of a matter of fact or law where there is a prior judgment in a case wherein the issues have been litigated and decided and where at least one of the parties or a privity was involved. 'Claim preclusion' is where a court of competent jurisdiction renders a final judgment on the merits of a case and, thereby, bars the same parties or their privities from relitigating issues that were raised or could have been raised in the prior case." *Voinovich v. Ferguson*, 63 Ohio St.3d 198 (1992); *Ft. Frye Teachers Assn.*, 81 Ohio St.3d at 395. Further, "[a]ll existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit pursuant to Civ.R. 13(A), no matter which party initiates the action." *Rettig Enterprises, Inc. v. Koehler*, 68 Ohio St.3d 274, paragraph one of the syllabus (1994). Accordingly, to the extent Ammann seeks to relitigate here whether VNTG breached its contracts with Prop4, LLC, those claims are barred, having been resolved in favor of VNTG in the State Case.

109 F.3d 299 (6th Cir. 1997). "This rule remains fully applicable even where, as here, the individual who seeks redress for corporate injuries is the corporation's sole shareholder." *Id* at *485.

The Sixth Circuit and Ohio courts accept and follow the widely recognized rule that a plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation. See *Adair v. Wozniak*, 23 Ohio St.3d 174, 178 (1986)[5] ("we accept and follow the widely recognized rule that a plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation."); *Slodov v. City of Mentor*, 2019-Ohio-1052, ¶ 11 (11th Dist.) ("any alleged wrongful action by third parties to a corporation creates a potential cause of action for the corporation, not its shareholders.").

In addition, as a general proposition, it is well settled that under Ohio law, only "'a contracting party has standing to prosecute an action for breach of contract.'" *Brook Park v. Cleveland*, 2023-Ohio-3365, ¶33 (8th Dist.), quoting *Sutherland v. Gaylor*, 2021-Ohio-1941, ¶ 24 (10th Dist.); *Hey v. Cummer*, 89 Ohio App. 104, 131, (8th Dist.1950) ("As a broad general rule, only a party or one in privity may enforce a contract"). "Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio." *Grant Thornton*

---

[5] "Where the defendant's wrongdoing has caused direct damage to corporate worth, the cause of action accrues to the corporation, not to the shareholders, even though in an economic sense real harm may well be sustained by the shareholders as a result of reduced earnings, diminution in the value of ownership, or accumulation of personal debt and liabilities from the company's financial decline. The personal loss and liability sustained by the shareholder is both duplicative and indirect to the corporation's right of action. See *Martens v. Barrett, supra; Peter v. Western Newspaper Union* (C.A. 5, 1953), 200 F.2d 867, 873."

*v. Windsor House, Inc*., 57 Ohio St.3d 158, 160 (1991), citing *Visintine*, *supra,* at 505. Ammann does not claim to be a third-party beneficiary, nor could he.

The burden is on the party claiming third-party beneficiary status to prove an "intent to benefit" that party under the contract by the promisee. Accord *Hunter Bldg. & Renovation v. Miller*, 1996 WL 65811, *3 (8th Dist. Feb. 15, 1996) ("An action for breach of contract by a third party can be brought only where the parties to a contract intended to benefit the third party."). "If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an 'incidental beneficiary,' who has no enforceable rights under the contract." *Hill v. Sonitrol of Southwestern Ohio, Inc.,* 36 Ohio St.3d 36 (1988). See *Tornstrom Indus. Dev. Corp. v. 123 Lyndhurst, LLC*, 2025-Ohio-2302 (shareholder of a corporation which sold its storage facility was not an intended third-party beneficiary of contract of sale between the corporation and the purchaser, and thus lacked standing to assert claims against the purchaser for negligence and conversion relating to property belonging to shareholder or his non-party company that remained at the facility after the sale).

Here, Ammann attaches no contract to his Amended Complaint from which it could be inferred that he was a third-party beneficiary of any agreement between VNTG and Prop4 LLC or any other unidentified entity. Moreover, Ammann admits in his Amended Complaint that he is "not a party to any contract" with VNTG nor did he "act on behalf of any contracting entity." (Amended Complaint at ¶ 4; ECF No. 9). Indeed, VNTG affirms this allegation in its Answer. (Answer to Amended Complaint at ¶4; ECF No. 10.) Beyond this, Ammann's Amended Complaint does not even contain an allegation that VNTG intended to benefit Ammann in the contract between VNTG and the "contacting entity." The situation in this case is thus analogous to a stockholder in Microsoft, in their individual capacity, filing a lawsuit against a person or entity

who contracts with Microsoft because the stockholder is not pleased with the profit return or results of the contract. If courts allowed this to happen, then they would be flooded by similar lawsuits, unnecessarily burdening already scarce judicial resources.

There is no dispute that Ammann is legally a stranger to the contract. As a matter of settled Ohio and Federal law, only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio. See *Grant Thornton*, *supra,* at 160, citing *Visintine*, *supra,* at 507 ("the plaintiff was merely an incidental beneficiary under the contracts…, obviously [plaintiff] can maintain no action against the defendants."). Actions brought by incidental beneficiaries and/or individual shareholders to redress injuries to corporations are unsupported by Ohio law. Ammann is neither a party nor an intended third-party beneficiary to this alleged contract, and thus lacks standing to seek damages. His Amended Complaint should accordingly be dismissed.

### d.  <u>Ammann's claims are barred by the economic loss rule.</u>

Amman admits that his purported "claims arise exclusively from [his] personal economic interest." But in fact, all his claims sound in tort, and more specifically, negligence. Thus, they are barred by the economic-loss rule. (Amended Complaint at ¶¶ 4, 5, 6, 23, 24, 25, and *passim.)*

Under the economic-loss rule, a plaintiff cannot recover in tort for purely economic loss. *Motorists Mut. Ins. Co. v. Ironics, Inc.*, 2022-Ohio-841, ¶ 26 The economic-loss rule exists to "maintain the line of demarcation between tort law and contract law," and to prevent "the tortification of contract law."  *Id.* at ¶ 28. "Recovery in tort seeks to restore the plaintiff to where he was before the defendant's wrongful conduct injured him, whereas contract law seeks to put the plaintiff where he would be had the defendant properly performed his duty under the contract." *Id.* at ¶ 27. Ammann makes references throughout his Amended Complaint to a supposed economic interest having been harmed. (Amended Complaint, at ¶ 25, and *passim*.)  Ohio courts

have explained that, even between contracting parties (and Ammann admits he is not one of those), alleged lost "economic interest" in an investment based on allegedly negligent construction/renovation are purely economic loss, not property damage. *JBlanco Enterprises Soprema Roofing and Waterproofing, Inc. Barlovento, LLC v. Great American Insurance Group*, 2016 WL 6600423, *14 (N.D.Ohio Nov. 8, 2016).

In *Floor Craft Floor Covering, Inc. v. Parma Community General Hosp. Ass'n*, the Ohio Supreme Court noted that "tort liability may not be imposed for purely economic damages." *Floor Craft Floor Covering, Inc. v. Parma Community General Hosp. Ass'n*, 54 Ohio St.3d 1, 3 (1990). Therefore, "[t]he well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Id.* The rationale behind the rule is that "[i]n the absence of privity of contract between two disputing parties the general rule is there is no duty[6] to exercise reasonable care to avoid intangible economic loss or losses to others that do not arise from tangible physical harm to persons and tangible things." *Id.* Here, as previously addressed, Ammann admits privity of contract does not exist.

The economic-loss rule applies in construction projects. *Corporex Dev. & Constr. Mgt., Inc.*, 2005-Ohio-5409, ¶ 6. In *Corporex Dev. & Constr. Mgt., Inv. V. Shook, Inc.*, DSI owned the construction project and contracted with Corporex to serve as the project's general contractor. *Id.* at ¶ 3. Corporex then sub-contracted with Shook to perform the project's concrete work. *Id.* at ¶ 3.

---

[6] Further, the three elements of negligence under Ohio law are:"(1) the existence of a duty owing to plaintiff's decedent," "(2) a breach of that duty, and" "(3) proximate causation between the breach of duty and the [injury or] death." *Littleton v. Good Samaritan Hosp. & Health Ctr.*, 39 Ohio St.3d 86, 92 (1988). Thus, Amman's claims also fail because the duty element is missing both based on the economic loss rule and due to lack of standing.

DSI and Corporex later filed an action for breach of contract and negligence against Shook to recover economic damages. *Id.* at ¶¶ 3–4. The Court held the economic-loss rule precluded DSI from asserting a tort action against Shook (with whom DSI had not contracted) to recover purely economic damages, as the parties to a construction project could recover economic losses only through their respective contracts. *Id.* at ¶ 13. The Ohio Supreme Court held that "under the economic-loss rule, privity or a sufficient nexus that could serve as a substitute for privity may impose only those contractual duties and liability for breach of those duties agreed to by the parties to the contract, and no more." *Id.* at paragraph one of the syllabus.

Here, like in *Corporex*, the damages alleged by Ammann are purely economic and cannot be recovered under any of his negligence claims. As such, VNTG is also, additionally and independently, entitled to judgment as a matter of law on Ammann's claims against it based on the economic loss rule.

> **e. Ammann lacks standing to seek declaratory judgment against VNTG because he does not have an interest or claim any interest that would be affected by the declaration and has failed to include those who do as parties to the lawsuit.**

Generally, under Federal law, in order to bring suit, one must have standing demonstrated by "(1) an injury in fact (2) that's traceable to the defendant's conduct and (3) that the courts can redress." (citations omitted.) *Safety Specialty Ins. Co. v. Genesee Cnty. Bd. of Commrs.*, 53 F.4th 1014, 1020 (6th Cir. 2022). As to declaratory judgments, the same is true under federal law and Article III of the Constitution of the United States. *Id.*, 28 U.S.C. § 2201(a); *Fieger v. Michigan Supreme Court*, 553 F.3d 955, 961 (6th Cir. 2009).

It is well settled under Ohio law that a mechanic's lien is a creature of statute which only attaches between the parties to a contract for the improvement of real property. *Romito Bros. Elec. Constr. Co. v. Frank A. Flannery, Inc.*, 40 Ohio St.2d 79, (1974) (holding, as to a mechanic's lien under Chapter 1311 of the Ohio Revised Code, that "the lien thereby procured extends only to the

right, title, and interest of him with whom the contract, express or implied, was entered into.'"), quoting *Mahoning Park Co. v. Warren Home Dev. Co*., 109 Ohio St. 358, 365 (1924); *Summer & Co. v. DCR Corp*., 47 Ohio St.2d 254, 269-70 (1976) ("The court found, in both cases, that the right to a mechanic's lien was created by statute, and that under the applicable Code section, R.C. 1311.02 (formerly G.C. 8310), before one who furnishes labor or material may enforce a mechanic's lien, he must show that such work was performed pursuant to a contract, because the lien applies only to the interest of the one with whom the contract was made. In other words, the contractor's mechanic's lien extends only to the leasehold interest of the party who ordered the work done.").[7] Here, as previously set forth, Ammann admits that he was "not a party to any contract" with VNTG nor did he "act on behalf of any contracting entity." (Amended Complaint at ¶ 4, ECF No. 9, VNTG Answer ¶ 4). As admittedly he was neither the property owner,[8] nor a

---

[7] Ammann's Amended Complaint makes claims that the mechanic's lien filed by VNTG are statutorily defective under R.C. 1311.06-1311.08 and therefore are invalid. First, R.C. 1311.06 provides what information the mechanic's lien should contain in order to avail oneself of its benefits. There is nothing stated in the statute that says if one of the statutory requirements were not followed the lien would be invalid. Rather, the mechanic's liens filed by VNTG complied with the requirements under Ohio law. Under R.C. 1311.06(A): "[A]n affidavit showing the amount due over and above all legal setoffs, a description of the property to be charged with the lien, the name and address of the person to or for whom the labor or work was performed or material was furnished, the name of the owner, part owner, or lessee, if known, the name and address of the lien claimant, and the first and last dates that the lien claimant performed any labor or work or furnished any material to the improvement giving rise to the claimant's lien." There is no required template to follow and no specific verbiage that needs to be included while preparing and filing the mechanic's lien. The mechanic's liens attached to Ammann's Amended Complaint contain the necessary information required under Ohio law. *See* ECF 9, Exhibits to Amended Complaint. Second, R.C. 1311.07 is about serving the owner or lessee of the property a copy of an affidavit. This does not apply to the lawsuit at hand because Ammann is neither an owner nor lessee of the subject properties. Finally, R.C. 1311.08 is not applicable because there is no evidence or allegation that VNTG's work consisted of improving two or more buildings on the same or adjacent lots.

[8] As previously addressed at pages 3-4 and footnote 2, *infra*, Prop4 also does not own these properties anymore, nor did it when this suit was filed by Ammann.

party to the contract on which the liens are based, Ammann has no standing to challenge the liens at issue.

## III.        Conclusion

For all the foregoing reasons, Defendant VNTG Place, LTD., respectfully requests this Honorable Court grant its Motion for Judgment on the Pleadings and dismiss Plaintiff Michael Ammann's Amended Complaint with prejudice.[9]

Respectfully submitted,

/s/Richard C.O. Rezie
**RICHARD C.O. REZIE (0071321)**
**TOREN A. BAKULA (0102504)**
**Gallagher Sharp LLP**
1215 Superior Avenue, 7th Floor
Cleveland, OH 44114
(216) 241-5310 Telephone
(216) 241-1608 Facsimile
E-Mail: rrezie@gallaghersharp.com
            tbakula@gallaghersharp.com
***Counsel for Defendant VNTG Place Ltd.***

---

[9] To the extent this motion is denied for any reason, VNTG reserves the right and requests the opportunity to file a motion for summary judgment on standing as well as the numerous other reasons why Ammann lacks legal and factual grounds to pursue his claims against VNTG and why his claims are barred, in whole or in part, due to res judicata, issue preclusion, and claim preclusion.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2025, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic mail. Parties may access this filing through the Court's system.

Michael Ammann, *pro se*
1008 Willie Ranch Way,
Leander, Texas 78641
E-Mail:  Michaelammannlegal@gmail.com

/s/Richard C.O. Rezie
**RICHARD C.O. REZIE (0071321)**
**TOREN A. BAKULA (0102504)**
Gallagher Sharp LLP
***Counsel for Defendant VNTG Place Ltd.***



USPS CERTIFIED MAIL

Ohio Secretary of State
Rachel Nourse
180 Civic Center Drive
Columbus OH 43215

9214 8901 9403 8328 0165 01

VNTG PLACE LTD
1235 MARQUETTE ST
CLEVELAND, OH 44114

class Reference Number:
sername: Rachel Nourse
ustom 1:
ustom 2:
ustom 3:
ustom 4:
epartment;Paralegal

ustage: $10.2900

Exhibit A



**Frank LaRose**
*Ohio Secretary of State*

08/15/2025

VNTG Place Ltd
1235 Marquette St
Cleveland, OH, 44114

Dear Business Owner, Manager or Representative:

Enclosed herewith is a copy of the process, notice or demand served on the Secretary of State as your agent. The enclosed copy of process, notice or demand is forwarded to you by certified mail pursuant to Section 1706.09 of the Revised Code.

Sincerely,

Frank LaRose
Secretary of State

Enclosure

Exhibit A

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | |
|---|---|
| Michael Ammann | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. 1:25-CV-1315 |
| VNTG Place Ltd | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  VNTG Place Ltd
PO Box 18969
Cleveland Heights, OH 44118

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Michael Ammann
1008 Willie Ranch Way
Leander, TX 78641

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

SANDY OPACICH, CLERK OF COURT



Date: June 25, 2025

/s/ C. Hayden
_Signature of Clerk or Deputy Clerk_

Exhibit A

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:25-CV-1315

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; at

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                      *Server's signature*

                                              _____
                                                      *Printed name and title*

                                              _____
                                                      *Server's address*

Additional information regarding attempted service, etc:



Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



**FILED**

JUN 25 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

MICHAEL AMMANN,
    Plaintiff,

v.

VNTG PLACE, LTD.,
    Defendant.

Case No. _____

# 1:25 CV 01315

## JUDGE GAUGHAN

### MAG. JUDGE SHEPERD

### <u>COMPLAINT</u>

Plaintiff Michael Ammann, appearing pro se, alleges as follows:

## I. JURISDICTION AND VENUE

1. Plaintiff is a citizen of Texas.

2. Defendant VNTG Place, Ltd. is an Ohio limited liability company with its principal place of business in Cleveland, Ohio.

3. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has jurisdiction under 28 U.S.C. § 1332(a).

5. Venue is proper in this District under 28 U.S.C. § 1391(b).

## II. STANDING

6. Plaintiff brings this action in his individual capacity based solely on a profit-sharing interest that entitled him to the net economic proceeds from real estate projects. Plaintiff was not a party to any contract with Defendant and did not act on behalf of the separate legal contracting entity. These claims arise exclusively from Plaintiff's personal economic interest.

## III. FACTS

Exhibit A

7. Plaintiff held a passive profit-sharing interest in residential rehab projects in Ohio during 2023 and 2024.

8. Defendant VNTG Place, Ltd. was contracted to perform construction and rehab work on the subject properties. Plaintiff was not a party to those contracts.

9. In the course of its business, VNTG made representations to the contracting entity about project budgets and completion timelines. VNTG knew or should have known that Plaintiff had a financial stake in the project outcomes.

10. VNTG represented that each project could be completed for approximately $60,000.

11. Plaintiff, as a profit-share beneficiary, reasonably expected distributions based on those representations.

12. VNTG failed to complete the projects within budget or on schedule.

13. Actual costs invoiced and paid through the contracting entity on average were roughly double the budget amounts, resulting in significant inflated over-budget construction costs severely reducing Plaintiff's economic interest.

14. VNTG recorded two rounds of mechanic's liens on May 16, 2024 and May 31, 2024 that were invalid, unsupported, or exaggerated. These liens impaired title, prevented the sale of the properties, and interfered with Plaintiff's ability to recover his share of profits. Plaintiff's economic interest was also diminished by forced unrecognized lien payoffs made to close sales.

15. The mechanic's liens were statutorily defective under Ohio Revised Code § 1311.06(A)(2), which mandates that a lien affidavit include a just and true account of the amount due after allowing all credits, and a description of the work or materials furnished. Defendant's filings lacked any itemization of labor or materials and did not disclose progress payments or credits, rendering them facially defective. Ohio courts have held that a lien affidavit which merely states

Exhibit A

a lump sum and generically references "labor and materials" without further detail does not meet statutory requirements. *Caldwell Bldrs., Inc. v. Bavand*, 38 Ohio App.3d 71, 72–73 (8th Dist. 1987) ("A lien affidavit must show with reasonable certainty the character of the labor and materials furnished and how the amount was calculated. An affidavit lacking such specificity is defective."); *Koonce v. Rookstool*, 21 Ohio App.3d 215, 216 (10th Dist. 1985) (affirming dismissal of lien for failure to include itemized work or account of amount due).

16. The amended mechanic's liens recorded on May 31, 2024, were also statutorily defective under Ohio Revised Code § 1311.07, which requires the lien claimant to serve a copy of the affidavit on the property owner within thirty days of recording. These amended liens were not separately served within the statutory deadline and were never properly perfected. The statute is mandatory, and failure to serve the lien affidavit within thirty days renders the lien invalid. *Cincinnati v. A.B. Jones Constr. Co.*, 58 Ohio App.3d 62, 63 (1st Dist. 1989) ("Strict compliance with the time and service requirements of R.C. 1311.07 is essential to the creation and perfection of a valid mechanic's lien."); *Westview Concrete Corp. v. K&E Realty, Inc.*, 2007-Ohio-4200, ¶ 13 (8th Dist.) (affirming summary judgment invalidating lien where timely service of the affidavit was not completed).

17. The May 31, 2024 mechanic's liens were also statutorily defective under Ohio Revised Code § 1311.06(A)(3), which requires a truthful statement of the last date that labor or materials were furnished. The amended affidavits inaccurately stated that work continued through May 31, 2024, despite no additional labor being approved or performed after the original liens were filed on May 16, 2024. Misrepresentations of the claimed last date of work render the affidavit inaccurate and invalidate the lien. See *Hoon, Inc. v. Levin*, 10th Dist. Franklin No. 94APE01-78, 1994 WL 188476, at *3 (May 12, 1994) ("A mechanic's lien that misrepresents the last date of

work or material furnished is defective under R.C. 1311.06(A)(3) and may be discharged."); *L.E. Myers Co. v. Twin Rivers Local Sch. Dist.*, 2021-Ohio-4091, ¶¶ 27–30 (12th Dist.) (affirming invalidity of lien where final work date listed in affidavit was inconsistent with actual performance).

18. VNTG's work was also defective, requiring repair and rework reducing Plaintiff's economic interest.

19. Due to inflated over-budget construction charges, delays, unsupported lien payoffs, carry costs and lost profits, Plaintiff's economic interest was diminished by over $857,000 representing total compensatory damages.

## IV. CLAIMS FOR RELIEF

## COUNT I – NEGLIGENCE INTERFERING WITH PLAINTIFF'S ECONOMIC AND PROFIT INTEREST

Damages: At least $857,000

20. Plaintiff realleges and incorporates all prior paragraphs.

21. Defendant negligently failed to perform construction services in a professional and workmanlike manner which cause significant harm to Plaintiff's economic interest.

22. Defendant:

 (a) failed to complete work on time,

 (b) failed to supervise subcontractors and ensure workmanship,

 (c) failed to control costs and adhere to budget, and

 (d) billed the contracting entity for amounts far exceeding agreed budget.

23. These failures foreseeably reduced the net proceeds of the projects and directly harmed Plaintiff's economic interest.

Exhibit A

## COUNT II – NEGLIGENT MISREPRESENTATION INTERFERING WITH PLAINTIFF'S ECONOMIC AND PROFIT INTEREST

**Damages: At least $857,000**

24. Plaintiff realleges and incorporates all prior paragraphs.

25. Defendant made statements regarding project cost, scope, and timing to the contracting entity, knowing or having reason to know that profit-sharing beneficiaries like Plaintiff would rely on those representations.

26. Defendant failed to exercise reasonable care in making those statements, including that each project would be completed for approximately $60,000.

27. When Defendant's actual charges far exceeded those rehab budgets, Plaintiff's profit share was directly and foreseeably harmed.

28. As a result of Defendant's negligent misrepresentations, Plaintiff suffered significant economic loss.

## COUNT III – NEGLIGENT PUBLICATION OF DISPARAGING MATERIAL INTERFERING WITH PLAINTIFF'S ECONOMIC AND PROFIT INTEREST

**Damages: At least $857,000**

29. Plaintiff realleges and incorporates all prior paragraphs.

30. Prior to recording the liens, Defendant submitted inflated and excessive construction charges and pressured the contracting entity to approve overpayments beyond the originally represented budgets under threat of lien filings or construction disruption. These overcharges reduced the net proceeds of the projects and diminished Plaintiff's anticipated profit-share interest.

31. Defendant subsequently recorded and published unsupported mechanic's liens asserting additional amounts allegedly owed. These lien filings were statutorily defective under Ohio

Exhibit A

Revised Code §§ 1311.06(A)(2), 1311.06(A)(3), and 1311.07, due to lack of itemized description, misstatement of the last date of work, and failure to properly serve the affidavits within the statutory deadline.

32. These publications were made without reasonable care or investigation and impaired title, prevented sales, and interfered with economic interests held by third parties including Plaintiff.

33. Defendant's negligent publication of disparaging material directly impaired Plaintiff's ability to realize profit distributions and caused substantial financial harm.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award:

A. Compensatory damages of at least $857,000;

B. Pre- and post-judgment interest as permitted by law;

C. Costs of this action; and

D. All other relief the Court deems just and proper.

DATED: June 23, 2025
Respectfully submitted,

/s/ Michael Ammann
Michael Ammann, Pro Se
1008 Willie Ranch Way
Leander, TX 78641
Michaelammannlegal@gmail.com
(845) 721-1512

Exhibit A