UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Ammann, | ) | CASE NO. 1:25 CV 1315 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| VNTG Place LTD., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant VNTG Place Ltd.'s Motion for Judgment on the Amended Pleadings (Doc. 11), plaintiff's Motion for Partial Summary Judgment on Count I (Lien Invalidity) (Doc. 13), and defendant VNTG Place Ltd.'s Motion to Strike Michael Ammann's Declaration Offered in Support of his Motion for Summary Judgment on Count I in Whole or in Part (Doc. 18). For the following reasons, defendant's Motion for Judgment on the Pleadings is GRANTED, plaintiff's Motion for Partial Summary Judgment on Count I (Lien Invalidity) is DENIED AS MOOT, and defendant's Motion to

1

Strike Michael Ammann's Declaration Offered in Support of his Motion for Summary Judgment on Count I in Whole or in Part is DENIED AS MOOT.

**Facts**

Plaintiff, a citizen of Texas, proceeding *pro se,* filed his Complaint premised on diversity of citizenship against defendant VNTG Place Ltd. (hereafter, defendant or VNTG). A First Amended Complaint was filed following an initial motion for judgment on the pleadings. The First Amended Complaint alleges the following.

VNTG is an Ohio limited liability company whose sole member is Megan Featherston. VNTG was retained to perform rehabilitation/construction work during 2023-2024 on certain Ohio residential rehabilitation properties, referred to as "the projects." Plaintiff "held an independent assignment/profit-share interest in the net proceeds from the sale of the projects" which entitled him to a percentage of the net economic profits from each project's sale. A "contracting counterparty" known as Prop4, LLC (not a party to this action), a Wyoming limited liability company, engaged VNTG to perform work on the projects. The Amended Complaint states that plaintiff "is not suing on behalf of any business entity or under any contract with VNTG." It further states that plaintiff "brings this action solely in his individual capacity, to redress personal injuries to his own economic interests."

On May 16, 2024, and May 31, 2024, VNTG recorded several mechanic's lien affidavits against several of the project properties which immediately encumbered the titles to the properties and disrupted pending sales. The liens were statutorily defective in multiple respects and, as a result, were invalid from their inception. The presence of the liens in the public records disparaged the title to the properties and interfered with pending and

2

prospective sales.

VNTG's actions in recording the invalid liens caused plaintiff to lose distributions he otherwise would have received from the sale proceeds of the projects. VNTG's actions further caused plaintiff to incur costs to clear title and consummate the property sales. Plaintiff's losses exceeded $857,000.

Three claims for relief are asserted:

Count One is entitled **Declaratory and Injunctive Relief (Invalidity of Mechanic's Liens)**. It seeks a declaration that the liens are invalid and unenforceable under Ohio statutory law, and an order directing the discharge of the liens from the county property records. It also seeks an injunction prohibiting VNTG from recording any further defective mechanic's liens against the projects' properties.

Count Two is entitled **Injurious Falsehood/Disparagement (Publication of Disparaging Statements-Common Law Tort)**. It alleges that VNTG published the lien affidavits knowing the statements therein to be false, misleading, or not in compliance with statutory requirements. The publications encumbered the properties' title. The publications disparaged plaintiff's interests and interfered with his business expectancies in the sale of the projects. An award of compensatory damages estimated to exceed $857,000 is sought.

Count Three is entitled **Tortious Interference with Prospective Economic Advantage (Interference with Expected Sales Proceeds- Common Law Tort)**. It alleges that VNTG's acts of recording and maintaining the invalid liens interfered with plaintiff's reasonable expectation of economic benefit from the timely sale of the project property in the form of his anticipated profit-share distributions once the properties were sold. VNTG's

actions caused delays in the closings of the properties or discouraged potential buyers. This frustrated plaintiff's ability to realize the full benefit of the expected profit-share. An award of compensatory damages estimated to exceed $857,000 is sought.

Although not a claim for relief, plaintiff entitles a final paragraph as **Reservations of Rights and Clarifications**. Therein, plaintiff states that he "asserts no claim for breach of any VNTG-Prop4 contract and does not seek to relitigate any state-court contract issue." Plaintiff states that this action only arises from VNTG's later conduct of recording and publishing the mechanic's liens and the effects of those publications on plaintiff's individual profit-share interest. Finally, the Amended Complaint states that "no final judgment has been entered as to plaintiff in the state matter." Nor does claim or issue preclusion apply. (Doc. 9 at 9).

Plaintiff's reference to a "state-court matter" is a case filed in the Cuyahoga County Court of Common Pleas, Case No. CV 24-998043, *Prop4, LLC v. Megan Featherston, Exp Realty, LLC, and VNTG Place Ltd, LLC*. As plaintiff referred to this matter in his Amended Complaint and the case is a matter of public record, the Court may consider and take judicial notice of it. In ruling on a Rule 12(b)(6) motion, "a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623 (6th Cir. 2016) (citing *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) and *Bassett v. Natl. Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008)). It is well-established that a motion for judgment on the pleadings is analyzed in the same manner as a 12(b)(6) motion. The original complaint in the state court

matter alleges that Prop4, LLC entered into contracts with Featherston to act as plaintiff's real estate agent to buy and sell properties and with VNTG (Featherston's company) to act as a general contractor to repair and rehabilitate properties. Among other things, the complaint alleged that VNTG breached its contract with Prop4 by failing to complete the rehabilitation work and then filing mechanic's liens on the various properties. At one point, Featherston filed a third party complaint against Michael Amman (plaintiff herein) and identified him as one of the members of Prop4. In a motion for partial summary judgment in the state court matter filed by counterclaimants/third party plaintiffs Megan Featherston and VNTG against Prop4, Michael Amman is identified as "the sole member of Prop4." (Common Pleas Court docket). That motion was granted as unopposed on July 30, 2025. (*Id.*).

This matter is now before the Court upon defendant's Motion for Judgment on the Amended Pleadings, plaintiff's Motion for Partial Summary Judgment on Count I, and defendant's Motion to Strike Michael Ammann's Declaration Offered in Support of his Motion for Summary Judgment on Count I in Whole or in Part.

**Standard of Review**

**(1) motion for judgment on the pleadings**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion."*Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6th Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)).  "For purposes of a motion for judgment on the pleadings, all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment."

*JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007).

Thus, "[w]e assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff."  *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997).  As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678.  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

6

**(2) motion for summary judgment**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla

of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

**(1) VNTG's Motion for Judgment on the Amended Pleadings**

Defendant raises several grounds for dismissal of the Amended Complaint. In particular, defendant maintains that plaintiff lacks standing to pursue claims that belong to the entity in which he purports to have a "profit-sharing" agreement. Additionally, defendant asserts that plaintiff lacks standing to seek a declaratory judgment against VNTG based on the alleged invalidity of the mechanic's liens. Finally, defendant argues that plaintiff's claims are barred by the economic loss doctrine. Plaintiff opposed the motion, raising various bases in support of his argument that his Amended Complaint survives dismissal. However, for the following reasons, the Court agrees with defendant that none is persuasive and judgment on the pleadings is warranted.[1]

---

[1] Plaintiff challenges VNTG's pursuit of the motion given that its counsel withdrew on November 5, 2025, and as an Ohio limited liability company, it cannot proceed *pro se.* However, while the counsel filed a motion to withdraw on November 5, it indicated that withdrawal would be effective November 21. And, in fact, the notice of withdrawal was filed November 21. The Motion for Judgment on the Pleadings was fully briefed as of November 20.

Initially, the Court agrees with defendant that plaintiff lacks standing to bring his claims. Plaintiff does not attach a contract or document establishing the alleged profit-sharing agreement and fails to reveal its identity in the Amended Complaint. But, regardless of the identity of that entity, plaintiff specifically alleges that he is not a party to any contract with VNTG and was not the owner of the properties at issue. Moreover, although not alleged, it is clear that plaintiff is an investor in Prop4 which is identified in the Amended Complaint as a limited liability company. Under Ohio law, however, plaintiff lacks standing to pursue claims against VNTG. "Because a limited liability company is distinct from its members, an individual member of a limited liability company lacks standing to assert claims individually where the cause of action belongs to the company." *Blank v. Bluemile, Inc.*, 174 N.E.3d 859, 866 (Ohio 10th App. Dist., June 15, 2021) citing *TD Ltd., LLC v. Dudley*, 12th Dist. No. CA2014-01-009, 2014-Ohio-3996, 2014 WL 4534927, ¶ 16, fn. 2. "The general rule is applicable in cases where the individual is the sole stockholder." *Id.* quoting *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 603 (6th Cir. 1988).

Additionally, the Ohio Supreme Court has held that "[o]nly a party to a contract or an intended third party beneficiary of a contract may bring an action on a contract in Ohio." *Grant Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 160 (1991), citing *Visintine & Co. v. New York, Chicago, & St. Louis RR. Co.*, 169 Ohio St. 505 (1959) ("the plaintiff was merely an incidental beneficiary under the contracts…, obviously [plaintiff] can maintain no action against the defendants.") As stated above, plaintiff attaches no contract to the Amended Complaint from which it could be inferred that he was a third-party beneficiary of any agreement between VNTG and Prop4, or any other unidentified entity. Plaintiff states in his

pleading that he is not a party to any contract with VNTG, nor did he "act on behalf of any contracting entity." And, the Amended Complaint does not contain any allegation that VNTG intended to benefit plaintiff in the contract between VNTG and the "contracting entity."

Accordingly, because claims brought by incidental beneficiaries or individual stockholders are not recognized under Ohio law, and plaintiff is neither a party or a third-party beneficiary to the alleged contract, he lacks standing.

Plaintiff maintains, citing *Adair v. Wozniak*, 23 Ohio St.3d 174, 178 (1986), that Ohio permits parties with independent economic interests to sue directly for personal injuries separate from any entity. Plaintiff asserts that the Amended Complaint "explicitly asserts individual torts for direct harms to Plaintiff's profit-sharing interest, not entity rights." (Doc. 16 at 3). Additionally, he asserts that "no privity [is] needed for torts like interference." (*Id.* at 4).

Plaintiff's argument is mistaken because *Wozniak* does not support plaintiff's position. In fact, the court stated:

> No authority has been cited or found to support the position that the wrongful acts of third parties which impair the capital position of the corporation, to the indirect injury of the shareholders as a whole, give the shareholders an individual right of action for damages. On the contrary, the overwhelming weight of authority holds that wrongful actions by third parties impairing the capital position of the corporation give no right of action to the shareholders as individuals for damages where there is no violation of duty owed directly to the shareholders. ***
>
> Where the defendant's wrongdoing has caused direct damage to corporate worth, the cause of action accrues to the corporation, not to the shareholders, even though in an economic sense real harm may well be sustained by the shareholders as a result of reduced earnings, diminution in the value of ownership, or accumulation of personal debt and liabilities from the company's financial decline. The personal loss and liability sustained by the shareholder is both duplicative and indirect to the corporation's right of action.

> Although this is a case of first impression, we accept and follow the widely recognized rule that a plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation.

*Adair v. Wozniak*, 23 Ohio St. 3d 174, 177–78 (1986)(citations omitted).

Plaintiff has not identified the entity through which he has a "profit-share agreement." He also states that VNTG contracted with Prop4, but that he is not attempting to assert "any rights of Prop4." However, it is clear from the state court case that plaintiff is a member of Prop4, and the asserted claims in that case arose from the same operative facts asserted herein. Plaintiff lacks standing to assert claims that belong to Prop4 or to the unidentified entity in which plaintiff claims the profit-share interest.

Likewise, plaintiff cites to *Henkel v. Aschinger*, 167 Ohio Misc.2d 4 (Franklin County Court of Common Pleas January 11, 2012), for the proposition that "claims shared by all shareholders [are] derivative and personal ones [are] direct." (Doc. 16 at 3). He asserts that his $857,000 in lost profits are personal and not shared or derivative. However, *Henkel* recognized,

> Ohio uses the same approach. 'A plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation.' *Adair v. Wozniak*, 23 Ohio St.3d 174, 492 N.E.2d 426 (1986), syllabus.

Plaintiff maintains, "This case arises from VNTG's filing of invalid mechanic's liens on properties in which Plaintiff holds a personal profit-sharing interest, causing direct economic harm through clouded titles, delayed and prevented sales, and disparagement." (Doc. 16 at 1). Although he asserts that he is only seeking "to redress personal injuries to his own economic

11

interests" (*Id.*), plaintiff's claims are clearly based on his investment in Prop4, LLC. Thus, he cannot pursue a claim solely owned by Prop4, LLC.

Plaintiff attempts to distinguish *Blank*, *supra,* on the basis that that case involved indirect harms while the harm here is direct and caused by VNTG's harmful acts. But, for the reasons already discussed, there is no distinction.

Plaintiff additionally lacks standing to seek a declaratory judgment regarding the mechanic's liens. Pursuant to Ohio law,

> Under R.C. Chapter 1311, setting forth the law on mechanic's liens, the lien attaches to the contract, not the titled owner. *See Romito Bros. Elec. Constr. Co. v. Frank A. Flannery, Inc.*, 40 Ohio St.2d 79, 320 N.E.2d 294 (1974) (before one who furnishes labor or material may enforce a mechanic's lien, he or she must show that such work was performed pursuant to a contract because the lien applies only to the interest of the one with whom the contract was made); *see also Summer & Co. v. DCR Corp.,* 47 Ohio St.2d 254, 351 N.E.2d 485 (1976) ("[T]he contractor's mechanic's lien extends only to the leasehold interest of the party who ordered the work done.").

*Gale v. Pattie Grp., Inc.*, 2016 WL 4141234 (Ohio 8th App. Dist August 4, 2016); *Mahoning Park Co. v. Warren Home Development Co.*, 109 Ohio St. 358 (1924) (A "mechanic's lien attaches only to the interest of the person for whom the improvement is contracted to be made.") Plaintiff admits that he is not a party to any contract giving rise to the liens and that he is not the property owner. Therefore, he has no standing to challenge the mechanic's liens. The declaratory judgment count and all of plaintiff's claims arise from plaintiff's allegation that the mechanic's liens are invalid. Thus, plaintiff lacks standing on this basis as well.

Even assuming he has standing, the Court agrees with defendant that plaintiff's claims sound in tort and, therefore, are barred by the economic loss rule.

As recently recognized,

Under Ohio law, the economic loss doctrine "generally prevents recovery in tort of

> damages for purely economic loss." *Allen v. Wenco Mgmt., LLC*, 696 F.Supp.3d 432, 438 (N.D. Ohio 2023) (quoting *Corporex Dev. & Constr. Mgmt. v. Shook, Inc.*, 835 N.E.2d 701, 704 (Ohio 2005)). "A plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Corporex,* 835 N.E.2d at 704. In that case, the economic loss doctrine bars negligence claims "premised entirely upon the terms of a contract." *Id*. at 705. Put differently, "[w]hen a duty in tort exists, a party may recover in tort. When a duty is premised entirely upon the terms of a contract, a party may recover based upon breach of contract." *Id*.

*Williams v. Home Depot U.S.A., Inc.*, 2025 WL 2444097, at *5 (N.D. Ohio Aug. 25, 2025); *Floor Craft v. Parma Community General Hospital Ass'n*., 560 N.E.2d 206 (Ohio 1990) (citing *Chemtrol Adhesives, Inc. v.American Mfrs. Mut. Ins. Co.*, 537 N.E.2d 624, 630 (Ohio 1989) ("For actions sounding in negligence, 'the well established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.'") Furthermore,

> The economic loss doctrine is a rule designed to prevent "the law of contract and the law of tort from dissolving one into the other." *Nami Res. Co., L.L.C. v. Asher Land & Min., Ltd.*, 554 S.W.3d 323, 335 (Ky. 2018) (citing Oracle USA, Inc. v. XL Glob. Servs. Inc., No. C 09-00537 MHP, 2009 U.S. Dist. LEXIS 59999, 2009 WL 2084154, at *4 (N.D. Cal. July 13, 2009)). To that end, the economic loss doctrine "prohibits the recovery of tort damages in a breach of contract case." *Id.* A plaintiff can only recover contract based economic damages stemming from a breach of contract if "he can demonstrate harm above and beyond a broken contractual promise." *New London Tobacco Mkt., Inc. v. Kentucky Fuel Corp.,* 44 F.4th 393, 414 (6th Cir. 2022) (citing Nami Res. Co., L.L.C., 554 S.W.3d at 335). Because the economic loss doctrine prohibits tort claims identical to the underlying breach of contract claim as a matter if law, courts routinely dispose of such claims at the motion to dismiss stage. *Jones v. Lubrizol Advanced Materials, Inc*., 559 F. Supp. 3d 569 (N.D. Ohio 2021), on reconsideration in part, No. 1:20-CV-00511, 2021 U.S. Dist. LEXIS 192401, 2021 WL 4582180 (N.D. Ohio Oct. 6, 2021).

*Warren Cnty. Water Dist. v. Badger Meter, Inc*., 2025 WL 3657209, at *3 (W.D. Ky. Dec. 17, 2025). "In order to recover indirect economic damages in a negligence action, the plaintiff must prove that the indirect economic damages arose from tangible physical injury to persons

13

or from tangible property damage." *Queen City Terminals, Inc. v. General American Transportation Co.,* 653 N.E.2d 661, syllabus ¶ 1 (Ohio 1995). Absent physical injury to person or property, indirect economic damages may only be recovered in contract. *Id*. at 667.

All of plaintiff's claims sound in tort and, more specifically, negligence. In fact two of plaintiff's claims are identified as "common law torts." The Amended Complaint generally states that it seeks to "redress personal injuries to his own economic interests" and "seeks recovery exclusively for his own direct pecuniary losses caused by VNTG's independent tortious conduct and statutory violations." (Doc. 9). The damages alleged by plaintiff are purely economic and cannot be recovered under any of his negligence claims.

Plaintiff argues that his claims fall under the exceptions to the economic loss doctrine for independent tort claims. Plaintiff cites to *Motorists Mut. Ins. Co. v. Ironics, Inc* and *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc*. As those cases explained, however,

> The economic-loss rule generally prevents recovery in tort of damages for purely economic loss." *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.,* 106 Ohio St.3d 412, 2005-Ohio-5409, 835 N.E.2d 701, ¶ 6. " '[T]he well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable.' " *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins*. Co., 42 Ohio St.3d 40, 44, 537 N.E.2d 624 (1989), quoting *Nebraska InnKeepers, Inc. v. Pittsburgh-Des Moines Corp.*, 345 N.W.2d 124, 126 (Iowa 1984).

*Motorists Mut. Ins. Co. v. Ironics, Inc*., 168 Ohio St. 3d 467, 476–77 (2022). An exception is recognized:

> But the rule contains an exception: it does not bar recovery in tort when a defective product results in economic loss from injury to a person or damage to other property. *Id.* at paragraph two of the syllabus ("A commercial buyer seeking recovery from the seller for economic losses resulting from damage to the defective product itself may maintain a contract action for breach of warranty under the Uniform Commercial Code; however, in the absence of injury to persons or damage to other property, the

14

>commercial buyer may not recover for economic losses premised on tort theories of strict liability or negligence").

*Id.* Plaintiff is not claiming to be the seller of a product to third-party consumers, nor is he seeking recovery due to payment of damages for personal injury or property damage to third parties due to some defective product. Rather, all of plaintiff's supposed "independent tort" claims are wholly derivative of and reliant upon the mechanic's liens filed against Prop4 arising from Prop4's contracts with VNTG. Moreover, plaintiff admits in his brief that he "explicitly asserts individual torts for direct harms to Plaintiff's profit-sharing interest, not entity rights," that "[t]hese are personal tort claims," and that he "brings this action solely in his individual capacity, to redress personal injuries to his own economic interests, and is not suing on behalf of any business entity or under any contract with VNTG." (Doc. 16 at 3, 1).

Accordingly, plaintiff's claims are barred by the economic loss rule.

For all the foregoing reasons, defendant's Motion for Judgment on the Amended Pleadings is granted.

**(2) Plaintiff's Motion for Partial Summary Judgment on Count One (Lien Invalidity)**

Plaintiff moves for summary judgment on Count One arguing that there is no genuine issue of material fact that defendant's mechanic's lien affidavits recorded in May 2024 were facially invalid and void *ab initio* under Ohio's mechanic's lien statutes. However, the motion is denied as moot given that the Amended Complaint is subject to dismissal by the granting of defendant's Motion for Judgment on the Amended Pleadings as set forth above. Even if the Court were to reach this motion, the Court agrees with defendant that, among other reasons, plaintiff's motion fails for the bases discussed in the ruling on the Motion for Judgment on the

15

Amended Pleadings, i.e., plaintiff lacks standing to seek summary judgment because he has no legally recognizable injury as an investor in Prop4, LLC under any contract between Prop4, LLC and VNTG. Moreover, he seeks recovery for solely economic loss, which is not recoverable in tort. The Court also agrees with the additional bases discussed by defendant in its brief in opposition. (Doc. 17).

Accordingly, plaintiff's Motion for Partial Summary Judgment on Count One (Lien Invalidity) is denied as moot. Defendant's Motion to Strike Plaintiff's Declaration in Support of his Motion for Partial Summary Judgment is also denied as moot.

**Conclusion**

For the foregoing reasons, defendant's Motion for Judgment on the Pleadings is granted, plaintiff's Motion for Partial Summary Judgment on Count I (Lien Invalidity) is denied as moot, and defendant's Motion to Strike Michael Ammann's Declaration Offered in Support of his Motion for Summary Judgment on Count I in Whole or in Part is denied as moot.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Date: 2/17/26